Fridman v BuzzFeed, Inc. (2019 NY Slip Op 03473)





Fridman v BuzzFeed, Inc.


2019 NY Slip Op 03473


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9185 154895/17

[*1]Mikhail Fridman, et al., Plaintiffs-Appellants,
v
BuzzFeed, Inc., et al., Defendants-Respondents.


Carter Ledyard & Milburn LLP, New York (Alan S. Lewis of counsel), for appellants.
Davis Wright Tremaine LLP, New York (Nathan Siegel of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 7, 2018, which, insofar as appealed from, denied plaintiffs' motion to dismiss defendants' first affirmative defense, unanimously affirmed, without costs.
As in Gubarev v BuzzFeed, Inc. (2018 US Dist LEXIS 97246 [SD Fla 2018]), the motion court properly denied plaintiffs' motion to dismiss defendants' first affirmative defensethe fair and true report privilege as codified in New York Civil Rights Law section 74which shields publishers from civil liability for claims of defamation when the alleged defamatory statements are published to report accurately about official government activity. While the instant case involves a different set of alleged defamatory statements than Gubarev , we find that, as in that case, an ordinary reader of the publications at issue here, a BuzzFeed article, which hyperlinked a CNN article and the embedded dossier compiled by Christopher Steele, which included a confidential report containing the alleged defamatory statements about plaintiffs, would have concluded that there were official proceedings, such as classified briefings and/or an FBI investigation concerning the dossier as a whole, including the confidential report relating to plaintiffs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK